Swing, J.
This was an action in the court of common pleas by Ann Parnell against William H. Adams on a petition of which the following are material allegations:
That on the 28th day of June, 1892, being the owner of the house and lot No. 4, G-lenway avenue, in Cincinnati, Ohio, she leased the same to said Adams for he term of five years from the first day of July, 1892; that said Adams agreed to pay to her as yearly rent the sum of $150.00, after the first year the said sum to be paid in advance in monthly installments; that said Adams paid said rent for the first year, but that there is now due from him the rent for the months of October, November and December, 1893; that'she has demanded from him said rent, but that he refused and still refuses to comply with said demand. Wherefore she prays the court for judgment cancelling said lease, and that she may re-enter said premises and re-possess and enjoy the same as her former estate, and for other relief.
No demurrer was filed to this petition, but plaintiff filed his answer setting up facts, which, if true, would have constituted a payment of the rent claimed to be due.
*568 Trial was had on the issues joined, the defendant demanding a jury, which the court refused, and judgment was rendered for the plaintiff. The court found on the issues joined for the plaintiff, and further found that defendant had forfeited all his rights under said lease, and that plaintiff has full right to re-enter upon said premises, discharged of said lease,and that plaintiff recover the possession of said premises free, and discharged of the lease, and that a writ of possession issue for said premises.
A motion for a new trial was ■ filed and overruled, and a petition in error was filed in this court, alleging that the judgment of the court of common pleas is against the evidence, and that the judgment should have been for said defendant below instead of for said plaintiff.
The real question presented for our determination is, whether a court of equity will entertain a suit for the forfeiture of a lease. It is a well settled rule of equity that it will relieve against a forfeiture,and all the works on equity devote considerable space to the consideration of the subject; but the law seems to be well settled that courts of equity will not enforce a forfeiture. 2 Story Eq., Section 1319: “It is a universal rule in equity never to enforce either a penally or a forfeiture. Therefore courts of equity will never aid in the divesting of an estate for a breach of a covenant on a condition subsequent, although they will often interfere to prevent the divesting of an estate for a breach of a covenant or condition.” Citing authorities.
Bispham on Equity, at page 268, says: “It is well - settled that a court of equity will not lend its aid actively to enforce a forfeiture,” and after citing the 57 Pa St., 65, continues: “But the prayer of the bill was refused on the express ground that a court of equity will never lend its assistance in the enforcement of a forfeiture, but will leave the parties to their legal remedies. ” But the author adds the following: “In some cases, however, the enforcement of *569 a forfeiture may be regarded in equity with favor,” and cites the ease of Brown v. Vandergrift, 80 Pa. St., 142. This latter case is the only case that we have been able to find which makes any exception to he. rule announced by Story and Bispham. It was decided by almost the identical judges who decided the case in the 57 Pa. St., supra, where the general doctrine is announced,and it was decided without citing an authority to sustain the position.^
This judgment was placed upon the peculiar hardships of the ease, but I question whether it may be accepted as establishing a rule of equity that when there are hardships the general rule that equity will not interfere to enforce a forfeiture, but leave the parties to their legal remedies, will be departed from. It is, however, sufficient for this case to say that here there was no peculiar hardships connected with the case. It was simply a finding that three or four months rent had not been paid.
No forfeiture had been declared by the plaintiff, as she had a right to do, and no re-entry had been made or was attempted to have been made. There was simply a demand for the rent, not in the form necessary to declare a forfeiture.
In the 26 Ohio St., 375, Judge White says: “A court of equity sometimes relieves against forfeitures, but it is not the forum to which to resort to enforce them,” and while he cites no authorities, the learned Judge accurately states the law, as we think, and the textwriters and authorities accord with his statement of it.
If there could be any question as to whether the petition in this case was a suit to declare a forfeiture, of which we think there can be none, or whether it could not be regarded as a suit in ejectment, the judgment of the court would have to be reversed, for the defendant demanded a trial by jury, which was refused; and if the suit was one in ejectment, defendant was clearly entitled to a jury trial; but as said *570 above, we don’t see how this action can be considered as any other than a suit to forfeit the lease.
Chester W. Merrill, for plaintiff in error.
Philip Roettinger, contra.
In our judgment the court had no right to render the judgment that it did in the case, and for that reason the judgment will be reversed and cause remanded for further proceedings.